## IN THE CIRCUIT COURT OF KANAWHA COUNTY

**JOHN SIGLEY,**

    **Plaintiff,**

Civil Action No. 20-C-1129

v.

**WEST VIRGINIA DEPARTMENT
OF TRANSPORTATION DIVISION
OF HIGHWAYS,**

    **Defendant.**

### SUMMONS

To the above-named DEFENDANT: West Virginia Department of Transportation
Division of Highways
Cabinet Secretary Byrd E. White, III
Commissioner of Highways
West Virginia Department of Transportation
1900 Kanawha Blvd. E.
Charleston, WV 25305

IN THE NAME OF THE STATE OF WEST VIRGINIA: you are hereby summoned and are required to serve upon **Hoyt Glazer, Plaintiff's attorney**, whose address is: **GLAZER SAAD ANDERSON L.C., P.O. Box 1638, Huntington, WV 25717** an answer, including any related counterclaim, or any other claim you may have to the complaint filed against you in the above-styled civil action, a true copy of which is herewith delivered to you. You are required to serve your answer within twenty (20) days after service of this summons upon you, exclusive of the date of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint and you will be thereafter barred from asserting in another action any claim you may have which must be asserted by counterclaim, or any other claim in the above-styled action.

**DEFENDANT'S EXHIBIT 1**

DATED: Dec 30, 2020

**Cathy S. Gatson, Clerk**

Clerk of Court   By CPugh

# IN THE CIRCUIT COURT OF KANAWHA COUNTY

FILED
2020 DEC 30 AM 10: 51
CATHY S. GATSON, CLERK
KANAWHA COUNTY CIRCUIT COURT

**JOHN SIGLEY,**

    **Plaintiff,**

Civil Action No. 20-C-1129

v.

**WEST VIRGINIA DEPARTMENT OF TRANSPORTATION DIVISION OF HIGHWAYS,**

    **Defendant.**

## COMPLAINT

Mr. John Sigley, your Plaintiff, by his counsel, Hoyt Glazer, Esq. of Glazer Saad Anderson L.C. files this action seeking redress and remedy arising from the West Virginia Department of Transportation Division of Highways' deliberate and reckless failure to comply with the provision of Title I of the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. § 12111, *et seq*.

## PARTIES

1. Plaintiff John Sigley is a citizen and resident of Fairmont, West Virginia in Marion County.

2. Defendant, West Virginia Department of Transportation, Division of Highways, (WVDOH) is a West Virginia state government agency created pursuant to West Virginia Code §§17-2A-1, *et seq*., which exercises all duties and responsibilities over West Virginia's state roads and highways.

1

3. At all times alleged, the WVDOH acted by and through its agents, employees, supervisors, directors, members, officers and assigns and within the full scope of their agency, office, employment or assignment.

## JURISDICTION AND VENUE

4. This Court has jurisdiction under Article VIII, § 6 of the West Virginia Constitution.

5. West Virginia Code § 56-1-1(2) and §14-2-2 allow for venue because Kanawha County is the county in which the seat of state government is located.

## ALLEGATIONS

6. On June 6, 2000, the WVDOT hired Mr. Sigley as a full-time employee as Crafts Worker II.

7. On June 28, 2002, Mr. Sigley suffered an on-the-job back injury.

8. Mr. Sigley's back injury resulted in limitations that ultimately required a permanent accommodation for him to perform his work for WVDOH.

9. On or about February 20, 2007, Mr. Sigley's treating physician, Dr. Lynch, recommended various accommodations for Mr. Sigley, which the WVDOH granted.

10. Over the next several years, Mr. Sigley performed his work at a satisfactory or better level, and met the reasonable expectations of the WVDOH.

11. On or about February 1, 2012, Mr. Sigley underwent back surgery.

12. On or about May 1, 2012, Mr. Sigley returned to work.

13. On his return to work after May 2012, Mr. Sigley's supervisor, Mr. Larry Weaver, began a pattern and practice of verbally abusing and harassing Mr. Sigley.

14. Mr. Weaver also ignored Mr. Sigley's approved accommodations and required Mr. Sigley to perform mechanic's work outside Plaintiff's classification as an Equipment Operator III.

15. On or about October 2012, Mr. Weaver threatened to discipline Mr. Sigley if he did not work 12-hour shifts.

16. On or about October 24, 2012, Mr. Weaver told Mr. Sigley he would not honor his approved workplace accommodations.

17. On December 25, 2012, Mr. Weaver physically assaulted Mr. Sigley when he belly bumped Mr. Sigley into a locker.

18. Mr. Sigley immediately reported Mr. Weaver's assault on him to the WVDOH's District Manager, Mr. Greg Phillips.

19. Despite Mr. Sigley's having reported the assault on him by his boss, the WVDOH issued Mr. Sigley several disciplinary actions between December 2012 and March 2013.

20. On or about March 5, 2013, Mr. Weaver issued Mr. Sigley notice of a November 12, 2013 disciplinary hearing.

21. On March 12, 2013, Mr. Sigley reported for work, but Mr. Weaver would not allow him to work that day.

22. Although Mr. Sigley was medically able, ready, and willing to work on and after March 12, 2013, the WVDOH refused to allow Mr. Sigley to return to work ever again.

23. Over the next several months, Mr. Weaver would not allow Mr. Sigley to return to work.

24. Mr. Sigley would present to the office ready to work, and Mr. Weaver would refuse to allow him to perform any duties.
25. Over the next several years, the WVDOH thwarted Mr. Sigley's efforts to return to work, and refused to cooperate with his physician, who had approved Mr. Sigley's return to work.
26. The WVDOH also improperly considered Mr. Sigley's use of medication to treat his back condition in refusing to allow him to continue working and/or in thwarting his efforts to return to work.
27. On November 4, 2015, the WVDOH formally terminated Mr. Sigley.
28. Mr. Sigley timely filed a charge asserting disability discrimination in violation of the ADA with the Equal Employment Opportunity Commission.
29. On September 30, 2020, the EEOC sent Mr. Sigley a "Notice of Right to Sue Within 90 Days letter," which Mr. Sigley acknowledged on October 5, 2020.
30. Since his termination, Mr. Sigley has been unable to locate suitable gainful employment, and he has sustained wage loss and additional damages from Defendant's treatment.

### COUNT I: FAILURE TO ACCOMMODATE IN VIOLATION OF THE ADA

31. Plaintiff incorporates the previous paragraphs.
32. Plaintiff was an employee of Defendant, and Defendant is and was a covered entity under the ADA, 42 USC § 12111.
33. At all times alleged, Plaintiff was and is a person with a disability as defined by the ADA and developed case law interpreting the same.

34. Plaintiff is a qualified individual with a disability (back condition) as that term is defined by the ADA, 42 USC § 12111(8).
35. Plaintiff's back condition (injury) is a physical impairment that substantially limits one or more of Mr. Sigley's major life activities and/or functions.
36. Defendant WVDOH knew Mr. Sigley had a back injury (condition) and/or had a record of such condition/injury.
37. In the alternative, Defendant regarded and/or perceived Mr. Sigley's back injury as a physical impairment that substantially limited one of more of his major life activities.
38. The Defendant suspended and then terminated Mr. Sigley based on his back condition/disability.
39. At all times, Mr. Sigley could perform his job with or without a reasonable accommodation.
40. The Defendant failed to communicate with Mr. Sigley in determining his ability to work for it.
41. The Defendant failed to consider if Mr. Sigley required a reasonable accommodation.
42. If Mr. Sigley required assistance to perform his job, a reasonable accommodation existed that would have allowed Mr. Sigley to perform his duties.
43. The Defendant failed to explore the necessity, if any, of a reasonable accommodation for Mr. Sigley.
44. The Defendant's actions were intentional, reckless, and in deliberate disregard of Mr. Sigley's legal rights to be free from discrimination based on disability (actual or perceived).

45. As a direct and proximate result of Defendant's violations of Mr. Sigley's rights, he has suffered damages, including, and not limited to, loss of salary, loss of fringe benefits, mental anguish, embarrassment, and loss of enjoyment of life.

## COUNT II: DISABILITY DISCRIMINATION IN VIOLATION

46. Plaintiff incorporates the previous paragraphs here.

47. Plaintiff is a person with a disability based on his back injury (condition).

48. At all times, Plaintiff met the reasonable performance standards of his position.

49. Defendant discriminated against the Plaintiff based on his disability.

50. In the alternative, and on information and belief, Defendant treated similarly-situated employees without disabilities more favorably than Mr. Sigley involving the conditions and terms of their employment.

51. Defendant's actions against Mr. Sigley based on his disability were willful, reckless, and intentional.

52. As a direct and proximate result of Defendant's violations of Mr. Sigley's rights and its termination of him, he has suffered damages, including, and not limited to, loss of salary, loss of fringe benefits, mental anguish, embarrassment, and loss of enjoyment of life.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks relief from the Court as follows:

1. On all counts, grant Mr. Sigley all lost wages (front and back pay), fringe and other benefits of his employment with Defendant, up to the amount of, and no more than, the insurance coverage available to Defendant

2. On all counts, grant Mr. Sigley general and compensatory damages for mental anguish, inconvenience, and loss of enjoyment of life suffered by him as a proximate result of Defendant's conduct, up to the amount of, and no more than, the insurance coverage available to Defendant;

3. Attorney fees and costs of litigation;

4. Pre-judgment interest on all amounts; and

5. All additional relief the Court deems proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES.**

Plaintiff, John Sigley,

By his counsel,

*/s/ Hoyt Glazer*

Hoyt Glazer (WV Bar #6479)
Glazer Saad Anderson L.C.
320 Ninth Street, Suite B
P.O. Box 1638
Huntington, WV
T. 304.522.4149
F. 800.879.7248
abe@gsalaw-wv.com
hoyt@gsalaw-wv.com

